UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEREMIAH WILLIAM BALIK,<br><br>　　　　　　　　Plaintiff,<br>v.<br>CITY OF TORRANCE, *et al*.<br><br>　　　　　　　　Defendants. | Case No. 2:18-cv-02174-RFB-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed November 13, 2018.

### **BACKGROUND**

Plaintiff filed this instant action and filed an Application to Proceed *in Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915. Plaintiff alleges various claims against Defendants including civil rights violations for an alleged unlawful search and seizure, arbitrary arrest and incarceration, excessive force in effecting arrest in violation, civil conspiracy, intentional infliction of emotional distress and discrimination in violation of Plaintiff's Fourteenth Amendment rights. *See Compl.* (ECF No. 1-2).

### **DISCUSSION**

**I.　Application to Proceed *in Forma Pauperis***

The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F. 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees; nonetheless, he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I. DuPont de*

*Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F. 2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F. 2d 723, 725 (9th Cir. 1960)). It is within the discretion of the court to deny a request to proceed *in forma pauperis* if an individual is unable to unwilling to verify his or her poverty and the court determines that the individual's allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2); *see, e.g., Martin v. Hahn*, 271 F. App'x 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because "failed to verify his poverty adequately.")

Here, Plaintiff has requested to proceed in this case *in forma pauperis* and represents he is unable to prepay the fees and costs associated with brining this action or give security for them. Plaintiff represents that he: (1) receives a monthly VA stipend; (2) owns a Fidelity 401k; (3) has various amounts of money in his checking or savings account; and (4) owns a vehicle for which he pays $423.76 per month. Plaintiff does not indicate how much his VA stipend is and fails to list a detailed accounting of his monthly expenses, but instead attaches bank statements that are dated five months prior to his filing[1]. Plaintiff therefore has not demonstrated to the Court the he is unable to pay the filing fee. Accordingly, upon consideration of the financial information provided, and to maintain the integrity of the indigent process requests

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 1), is **denied** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall retain the Complaint (ECF No. 1-2).

**IT IS FURTHER ORDERED** that Plaintiff shall complete a long form application to proceed *in forma pauperis* (AO 239), a copy of which can be found on the Court's website.[2] Plaintiff will have until May 1, 2019 to file the long form application to proceed *in forma pauperis*. Alternatively, Plaintiff shall pay the four hundred dollar ($400) filing fee on or before May 1,

---

[1] The bank statements provided by Plaintiff are dated from June to July 2018.

[2] https://www.uscourts.gov/sites/default/files/ao239_1.pdf

| | |
|---|---|
| 1 | 2019.  Failure to comply with this Order may result in a recommendation to the District Judge that |
| 2 | this case be dismissed. |
| 3 | Dated this 1st day of April, 2019. |

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE