# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEREMIAH WILLIAM BALIK,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TORENCE, et al,<br><br>Defendants. | Case No. 2:18-cv-02174-RFB-EJY<br><br>ORDER |

## I.     INTRODUCTION

Before the Court is Defendant Fred S. Upton Foundation's Motion to Deem Plaintiff Jeremiah William Balik a Vexatious Litigant and for a Vexatious Litigant Pre-Filing Order (ECF No. 77), Plaintiff's Motion and Notice of Motion to Delay Decision on Whether to Declare Plaintiff a Vexatious Litigant (ECF No. 99), and Plaintiff's Motion and Notice of Motion Part Deux—Delay ruling on Whether to Declare Plaintiff a Vexatious Litigant (ECF No. 92).

Also before the Court is Defendant Next Generation Wireless' Motion to Dismiss (ECF No. 55), Defendant Cedar Falls, Iowa's Motion to Dismiss (ECF No. 57), Defendant Fred S. Upton Foundation's Motion to Dismiss (ECF No. 63), Defendant City of Manhattan Beach's Motion to Dismiss (ECF No. 64), and Defendant City of San Bernardino's Motion to Dismiss (ECF No. 97).

## II.     PROCEDURAL BACKGROUND

Plaintiff filed an Application for Leave to Proceed *In Forma Pauperis* and Complaint on November 13, 2018. ECF No. 1. This application was denied on April 1, 2019 (ECF No. 19), and Plaintiff filed an appeal on April 4, 2019. ECF No. 20. This appeal was dismissed on April 24, 2019. ECF No. 30. Plaintiff paid the filing fee on October 18, 2019 and the complaint was filed

that same day. ECF Nos. 44, 45. Plaintiff also made several filings of "Additional Evidence" purportedly in relation to the allegations made in the Complaint and the posture of the case. ECF Nos. 4, 5, 8, 9, 10, 11, 14, 15, 16, 21, 27, 33, 35, 38, 39, 41, 42, 43, 48, 52, 61, 102, 104, 105, 111, 113, 114, 116.

Defendants Next Generation Wireless and City of Cedar Falls, Iowa filed the instant Motions to Dismiss on November 7, 2019. ECF No. 55, 57. On November 8, 2019, Defendants Fred S. Upton Foundation and City of Manhattan Beach filed the instant Motions to Dismiss. ECF Nos. 63, 64. Plaintiff responded to these motions on November 12, 2019 (ECF No. 69) and November 18, 2019 (ECF No. 73). Defendants City of Cedar Falls, Iowa and Next Generation Wireless replied on November 18, 2019 (ECF Nos. 74, 75), and Defendant Fred S. Upton Foundation replied on November 19, 2019. ECF No. 76. Defendant City of Manhattan Beach replied on November 25, 2019. ECF No. 89.

On November 19, 2019, Defendant Fred S. Upton Foundation filed the instant Motion to Deem Jeremiah William Balik a Vexatious Litigant. ECF No. 77. The motion was joined by Defendants City of Cedar Falls, Iowa and Next Generation Wireless on November 21, 2019 (ECF No. 82) and by Defendant city of Manhattan Beach on November 25, 2019 (ECF No. 90). On November 21, 2019 Plaintiff responded. ECF No. 84. On November 22, 2019, Plaintiff filed a Motion and Notice of Motion to Delay Decision on Whether to Declare Plaintiff a Vexatious Litigant. ECF No. 99. On November 25, 2019, Plaintiff filed Plaintiff's Motion and Notice of Motion Part Deux—Delay ruling on Whether to Declare Plaintiff a Vexatious Litigant. ECF No. 92. Defendant Fred S. Upton Foundation responded on December 6, 2019. ECF No. 106.

On November 27, 2019, Defendant City of San Bernardino filed a Motion to Dismiss. ECF No. 97. Plaintiff responded on December 2, 2019, ECF No. 103, and Defendant replied on December 9, 2019, ECF No. 108.

Plaintiff has also filed several Motions for Entry of Clerk's Default against remaining defendants in this action, which have been referred to the Court. ECF Nos. 86, 87, 88, 91, 94, 95, 96, 101, 107.

///

### III. FACTUAL BACKGROUND

The complaint details a number of unrelated incidents and is difficult to meaningfully decipher. It makes a number of allegations against defendants related to traffic stops and other encounters with law enforcement and the courts that have occurred throughout the country. Plaintiff alleges that these various incidents resulted in violations of his Fourth, Fifth, and Fourteenth Amendment rights and asserts causes of action under 42 U.S.C. § 1983, Title VII of the Civil Rights Act, 42. U.S.C. § 1985, "false arrest," and 42 U.S.C. § 1986. ECF No. 45 at 9-10, 70-72. Plaintiff makes the following allegations:

Plaintiff alleges violation of his rights regarding an arrest for harassment in connection with a job application at Next Generation Wireless. Id. at 17-20.

Plaintiff also seems to allege retaliation by the Los Angeles Police Department ("LAPD") for a lawsuit Plaintiff filed in which he asserted an LAPD officer had stolen his iPhone charger. The alleged retaliation was in the form of the issuance of traffic infractions and "unlawful patrolling." Id. at 33-35. Plaintiff alleges this retaliation was done at the behest of United States Congressman Fred Upton. Id. at 35.

Plaintiff alleges the San Diego County Sheriff's Department unlawfully detained him pursuant to a medical hold and then later attempted to "cover up" its "unlawful civil rights violations." Id. at 38.

Plaintiff also alleges officers with the City of San Bernardino stole legal documents from Plaintiff's car. Id. at 39-40.

Plaintiff also states Valvoline tampered with his car. Id. at 41.

Plaintiff further alleges that the California Highway Patrol has engaged in "unlawful patrolling" by following him and issuing traffic citations, and "has a strong hunch" that the Highway Patrol was involved in an accident Plaintiff had with another driver. Id. at 42-43.

Plaintiff also alleges the Los Angeles County Sheriff's Department has engaged in "unlawful patrolling" and "foot deputies" have attempted to deter him from pursuing cases. Id. at 43-44. Plaintiff also alleges that "rogue, racist" members of the Sheriff's Department put "pharma" into his food and water, causing him neck pain. Id. at 44. Plaintiff alleges this poisoning took place

at Jersey Mike's in Culver City. Id. at 46. Plaintiff also alleges Rahm Emanuel prompted Sheriff's Department deputies to pull him over for a faulty license plate. Id.

Plaintiff also alleges Bristol Farms put "pharma" in Plaintiff's prepared food and that this "may have a nexus to LAPD Pacific Division retaliation." Id. at 49.

Plaintiff also makes more direct allegations against Mr. Emanuel and references the allegations Plaintiff has made in other cases. Id. at 49. Plaintiff also alleges that Mr. Emanuel tampered with his job prospects and applications while Plaintiff was living in Chicago. Id. at 49-57. Plaintiff also alleges Mr. Emanuel "sabotaged" his efforts to patent a toy. Id. at 49-50, 54-55. Plaintiff also alleges he was arrested and charged with harassment in Cedar Falls, Iowa after visiting the sales office of Next Generation Wireless, and that Mr. Emanuel and Congressman Upton were involved. Id. at 52.

Plaintiff also alleges Congressman Upton interfered with his job prospects at Time Warner. Id. at 57.

Plaintiff also alleges officers working for the Manhattan Beach Police Department detained him in violation of his rights outside of a Baskin Robbins in Manhattan Beach, CA. Id. at 57-8.

Plaintiff also alleges officers with the Citrus Heights Police Department issued a traffic citation and that he was not properly informed of the requirements surrounding his court appearance. Id. at 59. He also alleges a "rogue" officer put "pharma" in his food at a Texas Roadhouse in 2017. Id. at 59.

Plaintiff also alleges the Nevada Highway Patrol issued a traffic citation because of Plaintiff's race, though he admits he was speeding. Id. at 61. He also alleges "unlawful patrolling" by Highway Patrol officers. Id.

Plaintiff also alleges the City of San Jose engaged in "unlawful patrolling" of Plaintiff without probable cause and "as a favor to" Mr. Emanuel and Congressman Upton to deter Plaintiff from pursuing his then-girlfriend, "super model Samantha Hoopes." Id. at 62. Plaintiff further alleges that a hotel employee or LAPD officer stole Plaintiff's phone charger from his hotel room in order to deter him from further communication with Ms. Hoopes. Id.

/ / /

Plaintiff also alleges Congressman Upton and Mr. Emanuel encouraged telecommunications companies to tamper with Plaintiff's phone. Id. at 64. Plaintiff also alleges that he had a relationship with Kate Upton which angered Congressman Upton, who then tampered with Plaintiff's phone. Id. at 67. He also alleges Congressman Upton and Mr. Emanuel installed a "GPS kill switch" device on his car as "punishment" for his relationship with Kate Upton. Id. at 68.

## IV. LEGAL STANDARD

### A. Vexatious Litigant

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants" but such pre-filing orders should be "rarely used" to avoid "tread[ing] on a litigant's due process right of access to the courts." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (citations omitted). A pre-filing order is only appropriate "after a cautious review of the pertinent circumstances." Id.

"Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" Id. (quoting De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir.1990)). To determine whether a pre-filing order is warranted, four factors must be examined. "First, the litigant must be given notice and a chance to be heard before the order is entered." Id. (citing De Long, 912 F.2d at 1147). "Second, the district court must compile 'an adequate record for review.'" Id. (quoting De Long, 912 F.2d at 1148). "Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Id. "Finally, the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" Id. (quoting De Long, 912 F.2d at 1148). The "ultimate substantive issue in resolving a motion for a pre-filing order" is "'whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" Id. at 1058 (quoting Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

A district court may satisfy "the requirement of providing an opportunity to be heard by written submission rather than an oral or evidentiary hearing." Windsor v. Boushie, 677 F. App'x 311, 312 (9th Cir. 2017).

**B. Motion to Dismiss**

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013).

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

"First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

**V.    DISCUSSION**

**A. Motion to Deem Plaintiff Jeremiah William Balik a Vexatious Litigant and for a Vexatious Litigant Pre-Filing Order**

Defendant Fred S. Upton Foundation argues in its motion that Plaintiff is a vexatious litigant who has filed at least twenty-three lawsuits in various state and federal courts, most of

which involve allegations against Rahm Emanuel, former mayor of Chicago, and Congressman Fred Upton. ECF No. 77 at 2. Defendant cites to public records indicating Plaintiff was deemed a vexatious litigant in California by two Superior Courts of California in 2016, as a result of filing several cases in 2015 that were either frivolous or were dismissed without leave to amend. Id. at 4-5. Defendant notes that federal courts in California have also found Plaintiff's pleadings to be frivolous and have considered whether to declare him a vexatious litigant. Id. at 7-9. Defendant further notes that courts have previously indicated Plaintiff's filings have been duplicative. Id. at 11-12.

Plaintiff argues the cases Plaintiff filed that are cited by Defendant in support of its motion are from 2015, 2016, and 2017. ECF No. 84 at 6-7. He also argues that two attempts to declare him vexatious in the Central and Northern Districts of California were denied and that he was declared a vexatious litigant in California as a result of "implicit bias by Judges." Id. at 7. Plaintiff also argues he has had two criminal misdemeanor cases dismissed and a docketed case before the Supreme Court, indicating he is a "skilled litigator." Id. at 8. Plaintiff also argues that the dismissal in one of the California cases cited by Defendant was the consequence of "[j]udicial rigging," and makes further allegations of bias and misconduct against the judge who presided over that case. Id. at 9-10. He further describes the procedural details of the other cases and provides further factual background to assert that they had merit, including additional allegations against Mr. Emanuel of harassment. Id. at 10-16. Plaintiff also argues his litigation history is the result of persistence and vigilance "in seeking justice." Id. at 17-18. Plaintiff goes on to discuss his relationship with "model/singer" Lindsey Rae Kevitch and makes further allegations against Mr. Emanuel and Congressman Upton. Id. at 16-22. Finally, Plaintiff asserts that if he is permitted to engage in discovery, he will be able to prove the allegations he had made in the instant action. Id. at 23.

Plaintiff also moves the Court to delay its decision on the motion while he awaits a decision from the Supreme Court of California on his motion to have himself removed from the Vexatious Litigant list in that state. ECF No. 99 at 1. Plaintiff filed a subsequent motion asking this Court to delay its decision after receiving a response from the Supreme Court of California, stating he

believed his removal from the list "could be imminent" and a decision from this Court would be premature. ECF No. 92 at 1. The email attached as an exhibit detailing this correspondence indicates that Plaintiff received an email in response to his motion describing the process by which an individual's name may be removed from the Vexatious Litigant List in California and gave no indication on a ruling regarding Plaintiff's specific request. Id. at 5.

The Court turns to the De Long factors to determine whether a pre-filing order should issue against Plaintiff. The Court finds that the first factor of notice and an opportunity to be heard has been satisfied. Plaintiff has been given the opportunity to file a written brief in opposition to Defendant's motion.

The Court now turns to a review of the record to satisfy the second De Long factor. Defendant has provided an Appendix of Exhibits in support of its motion that details Plaintiff's various litigation efforts. ECF No. 78. Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of the docket in these cases as they are "documents on file in federal or state courts." Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

The exhibits indicate that Plaintiff had a case in Ventura Superior Court in 2015 that was dismissed with prejudice. Balik v. Toyota Santa Monica, Ventura Co. Super. Ct., Case No. 56-2015-00473185. ECF No. 78-1 at 5. Plaintiff also had a case in the Ventura Superior Court in which the complaint was filed on December 4, 2015 and later "voided" on February 3, 2016. Id. at 13-14. Finally, Plaintiff had a third case in the same Superior Court, Balik v. Chocolate Shoppe Ice Cream Comp Inc., Ventura Co. Super. Ct., Case No. 56-2015-00474489, in which a prefiling order was sought by the defendant and granted. Id. at 8-9, 15-20. In its order granting the motion to deem Plaintiff vexatious, the Court noted that Plaintiff had filed eight cases in 2015 "which were determined adversely to Plaintiff." Id. at 18. These included:

1. Balik v Chocolate Shoppe Ice Cream Company, Inc., Case No. 15-cv-8204-DMG-JEMx which was removed from Los Angeles Superior Court to the United States District Court for the Central District of California and "terminated by adverse ruling."
2. Balik v. Upton, Case No. 1:15-cv-01419-AWI-JLT which was removed from Kern County Superior Court to the United States District Court for the Eastern District of California and dismissed without leave to amend.

3. Balik v. McCarthy, Case No. 1:15-cv-01419-AWI-JLT which was removed from Kern County Superior Court to the Eastern District of California and dismissed without leave to amend.
4. Balik v. Half Moon Hotel, Case No. 15S01909 in Los Angeles Superior Court which was dismissed for failure to provide proof of service.
5. Balik v. Half Moon Hotel, Case No. 15K09399in Los Angeles Superior Court which was voided for failure to pay a fee.
6. Balik v. Toyota Santa Monica, Case No. 15S00307 in Los Angeles Superior court, which resulted in "adverse judgment."
7. Balik v. Time Warner Cable, Case No. 2:15-cv-06886-SJO-AJW which was removed from state court to the Central District of California and dismissed without leave to amend.
8. Balik v. Time Warner Cable, Case No. 2:15-cv-07666-SJO-AJW which was removed from state court to the Central District of California and dismissed without leave to amend.

Id. at 18. The Court also noted in its order the other two cases currently pending in Ventura Superior Court, as well as six others "allegedly currently pending in other courts." Id. As a result of these filings and their subsequent adverse determinations, the Judge deemed Plaintiff a vexatious litigant under California law. Id. at 19-20. The case was later dismissed. Id. at 8.

Plaintiff was later barred from filing a lawsuit in small claims court in California pursuant to the prefiling orders issued against him as a consequence of having been deemed a vexatious litigant. Id. at 30-35. Notably, this case included allegations against Valvoline, Mr. Emanuel, and Congressman Upton re-asserted in the instant action, including allegations that Congressman Upton had a "GPS kill switch" installed on Plaintiff's vehicle. Id. at 31-32.

Plaintiff also sought a Request for Civil Harassment Restraining Order in California against Congressman Upton for the same allegations which are alleged in the instant action, including allegations that this "harassment" in the form of tampering with Plaintiff's cellphone and his relationship with Samantha Hooper is the consequence of Plaintiff's interaction with Kate Upton, and that it resulted in loss of job opportunity. Id. at 37-42. The complaint attached to this request includes many of the allegations asserted in the instant action, including those surrounding the installation of a "GPS kill switch," Kate Upton, interference with employment by Mr. Emanuel and Congressman Upton as well as cellphone tampering, and "unlawful patrolling" by various police departments. Id. at 44-48.

Subsequently, in Balik v. Upton, the District Judge adopted the Magistrate Judge's Findings and Recommendation to deny pending motions and close the case. Id. at 66-67. The Magistrate Judge found that the allegations—which are re-asserted in the instant action—were "fanciful, and lack an arguable basis in fact." No. 1:15–cv–01419–AWI–JLT, 2015 WL 5834336, at *3 (E.D. Cal. Oct. 1, 2015).

In Balik v. McCarthy, the district judge adopted the Findings and Recommendations of the Magistrate Judge, who found that the allegations nearly identical to those here were "fanciful" and failed to state a cognizable claim. No. 115CV01420AWIJLT, 2015 WL 5834430, at *2 (E.D. Cal. Oct. 1, 2015). The complaint was dismissed without leave to amend. ECF No. 78-1 at 104.

In Balik v. Time Warner Cable et al., Case No. BC590455, Plaintiff made similar allegations to those in the instant action against Congressman Upton and Mr. Emanuel and attached many of the same documents to his complaint. See ECF No. 78-2 at 1-30. In a complaint filed on August 26, 2016 in a case also captioned Balik v. Time Warner Cable et al., Case No. BC592717, Plaintiff again asserts many of the allegations made here and again attaches the same documents. See id. at 32-72. Both of these cases were removed to federal court and the Court granted the Defendants' Motion to Dismiss as to both. Id. at 74 (dismissing both 2:15-cv-06886 and 2:15-cv-07666); see also id. at 82-101. The cases were dismissed without leave to amend. Id. Plaintiff appealed the dismissal order as to 2:15-cv-06886-SJO-AJW and his appeal was dismissed for failure to pay the filing fees. Id. at 79.

In an August 16, 2017 order in the case Balik v. City of Cedar Falls, et al., the Ninth Circuit found Plaintiff's appeal of the dismissal of his complaint with prejudice in Balik v. City of Cedar Falls, No. 16-CV-04070-LHK, 2016 WL 4558719, at *3 (N.D. Cal. Sept. 1, 2016) to be frivolous, and dismissed the case accordingly. Id. at 103.

In JB Jeans Kidswear Co. LLC v. Super 8 Hotel Azusa et al., Case No. 2:16-cv-09239, the district judge denied Plaintiff's Application to Proceed *In Forma Pauperis* and dismissed the case two days after the complaint was filed, and the Ninth Circuit dismissed the appeal as frivolous. Id. at 105-108.

Plaintiff also appealed his criminal case, California v. Balik, Santa Barbara Co. Super. Ct., Case No. 18-cr-00264, in which he was charged with misdemeanor assault and battery on a peace officer, and which appeal the Ninth Circuit dismissed as frivolous. Id. at 109-124. The Court notes that the docket from this criminal case indicated that the presiding judge ordered a mental competency hearing. Id. at 118-19.

It its reply, Defendant lists a total of twenty-three cases initiated by Plaintiff since 2015, thirteen of which were dismissed without leave to amend. ECF No. 93 at 8-10 (listing Balik v. Toyota Sant Monica et al., Los Angeles Co. Super. Ct., 15S00307; Balik v. Half Moon Hotel, Los Angeles Co. Super. Ct. 15S01909; Balik v. Super 8 Motel Azusa, Los Angeles Co. Super. Ct. 15K04655; Balik v. Chocolate Shoppe Ice Cream Co., Inc, Los Angeles Co. Super. Ct. Ct. 15K05516; Balik v. Sprint/United Management Co. et al., No. 16cv1106-WQH-BGS, 2016 WL 4098340, at *1 (S.D. Cal. Aug. 2, 2016); Balik v. Half Moon Hotel, Los Angeles Super. Ct. 15K09399; Balik v. Upton, Kern Co. Super. Ct. BCV-15-100742; Balik v. McCarthy, Kern Co. Super. Ct. BCV-15-100742; Balik v. Half Moon Hotel, Santa Barbara Co. Super. Ct. 15-cv-02604; Balik v. Time Warner Cable et al., Los Angeles Co. Super. Ct., BC592717; Balik v. Time Warner Cable et al., Los Angeles Co. Super. Ct., BC590455; Balik v. Toy Talk, Inc. et al., No. 15-cv-04556-JST, 2016 WL 9149504, at *1 (N.D. Cal. Apr. 19, 2016); Balik v. Toyota Santa Monica, Ventura Co. Super. Ct., 56-2015-00473185; Balik v. Spiral Toys Inc. & Walt Disney Co., No CV 15–8112–GW(PLAx), 2015 WL 12867376, at *1 (C.D. Cal. Dec. 14, 2015); Balik v. Chocolate Shoppe Ice Cream Co. Inc., Ventura Co. Super. Ct., 56- 2015-00474489; Balik v. Super 8 Hotel Azusa, Ventura Co. Super. Ct., 56-2015-00475191; Balik v. Time Warner, San Luis Obispo Co. Super. Ct., 15LC-0842; Balik v. City of Cedar Falls et al., No. 16-CV-04070-LHK, 2016 WL 4558719, at *1 (N.D. Cal. 2016 Sept. 1, 2016); Balik v. Time Warner Cable Inc., No. 16-cv-05101-HSG, 2016 WL 6892715, at *1 (N.D. Cal. Nov. 23, 2016); JB Jeans Kidswear Co. LLC3 v. Super 8 Azusa et al., No. 2:16-cv-09239, at *1 (C.D. Cal. Dec. 16, 2016); Balik v. Chocolate Shoppe Ice Cream Co. Inc., No. C 17-00455 WHA, 2017 WL 6029688, at *1 (N.D. Cal. Feb. 15, 2017); Balik v. Walt Disney Co., Inc. et al., No. 2:17-cv-04906-GW-PLA, at *1 (C.D. Cal. July 24, 2017); Balik v. Emanuel, Los Angeles Co. Super. Ct. 18STRO04353).

1    Defendant also requests that the Court take judicial notice of Plaintiff's exhibit in his opposition to the motion (ECF No. 85-1 at 33-35), which includes the first few pages of an order deeming Plaintiff a vexatious litigant for the second time in California in Balik v. Time Warner, San Luis Obispo Co. Super. Ct., 15LC-0842. Id. at 11. Specifically, the order from the San Luis Obispo Superior Court cites the Ventura Court's order that declared Plaintiff vexatious, and further reasons that the allegations in the complaint before it were the same as those alleged in two successive lawsuits in Los Angeles County, both of which were removed to federal court and dismissed with prejudice, thereby making the complaint "the third such lawsuit." ECF No. 85-1 at 34. The Court has already observed *supra* that these allegations are the same as those alleged in the instant action.

It is clear from the record reviewed that the number and content of Plaintiff's filings supports a finding that Plaintiff's litigation has been both frivolous and harassing, thereby satisfying De Long's third factor. As discussed *supra*, California state judges, federal judges in California districts, and the Ninth Circuit have all variously categorized Plaintiff's litigation efforts as frivolous, and a review of the complaints in many of those cases indicates that the allegations center around the same theme, and mirror those made here. The fact that despite these rulings, and indeed despite twice being deemed a vexatious litigant in the California judicial system, Plaintiff has continued to file these complaints for a total number of what is now twenty-four cases, in both state and federal jurisdictions and now in Nevada as well as California, alleging nearly identical facts which appear to have no basis in reality, is the very definition of harassment. As Defendant notes, Plaintiff has not succeeded in a single one of these cases, and as Defendant has stated and as the Court's review indicates, he has received an adverse determination in at least thirteen. Consequently, it is clear that Plaintiff's claims are not only numerous, but "patently without merit." Molski, 500 F.3d at 1059 (internal quotations and citation omitted).

In light of the record, which indicates that Plaintiff has utilized both state and federal causes of action relating to civil rights, employment, and harassment, and in accordance with De Long's fourth and final factor, which requires that a pre-filing order be "narrowly tailored to the vexatious litigant's wrongful behavior," the Court institutes a pre-filing order which prevents Plaintiff from

filing in the District of Nevada: 1) civil rights complaints; 2) complaints asserting harassment; and 3) complaints asserting employment discrimination, without first obtaining permission from the Magistrate Judge assigned to his case. Furthermore, as Plaintiff has continually sought to file suit against the same defendants for the same allegations, the Court also institutes a pre-filing order which prevents Plaintiff from filing in the District of Nevada any suit against: 1) Fred S. Upton Foundation; 2) Rahm Emanuel; 3) Valvoline; 4) Next Generation Wireless; 5) City of Cedar Falls, Iowa; 6) Santa Barbara County Sheriff's Department; 7) San Diego County Sheriff's Department; and 8) City of San Bernardino without first obtaining permission from the Magistrate Judge assigned to his case. This will not preclude Plaintiff's access to the courts when necessary and appropriate but will nonetheless help to ensure that he no longer engages in "[f]lagrant abuse of the judicial process."

### B. Motions to Dismiss

Nearly all of the pending Motions to Dismiss assert, *inter alia*, that Plaintiff has failed to state a claim upon which relief can be granted, and therefore that dismissal is proper under Federal Rule of Civil Procedure 12(b)(6). See Mot. to Dismiss at 10-11, ECF No. 55; Mot. to Dismiss at 10-11, ECF No. 57; Mot. to Dismiss at 9-11, ECF No. 63; Mot. to Dismiss at 4-8, ECF No. 97. Defendant City of Manhattan Beach asserts that Plaintiff's complaint should be dismissed for failure to allege personal jurisdiction and for insufficient service of process. Mot. to Dismiss at 3-9, ECF No. 64.

Plaintiff's response to these motions suffers from the same defects as the allegations made in the complaint; his response merely reiterates the allegations and contains additional anecdotes and documentation with little to no obvious connection to one another or to the allegations. See ECF No. 69 at 1-46; ECF No. 73 at 1-124.

The Court finds, like so many courts before it, that Plaintiff has failed to plead facts that give rise to claims for relief that are plausible on their face. The allegations are clearly frivolous. This defect is evident as to the allegations in their entirety, made against all defendants. The Court therefore grants the Motions to Dismiss and closes this case.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion to Deem Jeremiah William Balik a Vexatious Litigant and for a Vexatious Litigant Pre-Filing Order (ECF No. 77) is **GRANTED**. Plaintiff Jeremiah William Balik is deemed a Vexatious Litigant and may not file in the District of Nevada: 1) civil rights complaints; 2) complaints asserting harassment; 3) complaints asserting employment discrimination; and 4) complaints naming a) Fred S. Upton Foundation; b) Rahm Emanuel; c) Valvoline; d) Next Generation Wireless; e) City of Cedar Falls, Iowa; f) Santa Barbara County Sheriff's Department; g) San Diego County Sheriff's Department; or h) City of San Bernardino, without first obtaining permission from the Magistrate Judge assigned to his case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Notice of Motion to Delay Decision on Whether to Declare Plaintiff a Vexatious Litigant (ECF No. 99), and Plaintiff's Motion and Notice of Motion Part Deux—Delay ruling on Whether to Declare Plaintiff a Vexatious Litigant (ECF No. 92) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Next Generation Wireless' Motion to Dismiss (ECF No. 55), Defendant Cedar Falls, Iowa's Motion to Dismiss (ECF No. 57), Defendant Fred S. Upton Foundation's Motion to Dismiss (ECF No. 63), Defendant City of Manhattan Beach's Motion to Dismiss (ECF No. 64), and Defendant City of San Bernardino's Motion to Dismiss (ECF No. 97) are **GRANTED**. This action is dismissed with prejudice as to all defendants and all pending motions are denied as moot.

The Clerk of Court is instructed to close this case.

DATED: February 25, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**